IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Betty Adair, )
 )
      Plaintiff, )
 )
vs. ) Case No.: 22-cv-261-TCK-JFJ
 )
1. Wal-Mart Stores East, L.P. )
2. Claims Management, Inc.; )
3. Sabrina Crawford; )
 )
      Defendants. )

## NOTICE OF REMOVAL

In accordance with the provisions set forth in 28 U.S.C. § 1441, *et seq.*, notice of removal is given as follows: Defendant Wal-Mart Stores East, L.P. (proper name Walmart Stores, Inc.) removes this action from the District Court of Tulsa County, Case No. CJ-2019-00048 ("State Court Action"), to this Court pursuant to 28 U.S.C. § § 1332 and 1441, *et seq* and LCvR81.2. Pursuant to 28 U.S.C. §1446 and LCvR81.2, a copy of the District Court Docket Sheet is attached hereto as Exhibit 1. Copies of all documents served and/or filed in the State Court Action are attached hereto as Exhibits 2-6.

1. Plaintiff, Betty Adair, is an Oklahoma Resident.

2. Wal-Mart Stores East, L.P. (Walmart) is a foreign Limited Partnership existing under and by virtue of the laws of the State of Delaware with its principal place of business in the City of Bentonville, County of Benton, State of Arkansas.

3. Wal-Mart Associates, Inc. is a foreign corporation and was dismissed from this action on November 20, 2019.

4. Claims Management Inc., is a wholly owned subsidiary of Walmart. It is incorporated in the State of Arkansas and existing under and by virtue of the laws of the State of Arkansas with its principal place of business in the City of Rogers, County of Benton, State of Arkansas.

5. Upon knowledge, information, and belief, Sabrina Crawford is an Oklahoma resident.

6. On August 19, 2018, Plaintiff was shopping at the Wal-Mart Supercenter located at 81st and Lewis in Tulsa, Oklahoma. As Plaintiff was preparing to enter the women's restroom, Co-Defendant, Sabrina Crawford, exited the restroom and attacked her. The time between the door opening and the attack was less than one second. The entire incident was captured on the store's surveillance camera and confirms that Crawford attacked Plaintiff.

7. Crawford was arrested, charged, and convicted of assault and battery.

8. This cause of action was filed on January 4, 2019. Plaintiff filed suit against Crawford for assault and battery. Plaintiff sued Walmart Stores East, L.P. and Walmart Associates, Inc. (collectively Walmart) alleging negligent training, negligent supervision, failure to maintain premises, and respondeat superior. Plaintiff also sued Claims Management, Inc. for negligence.

9. The District Court of Tulsa County, in which this action is pending, is located within this Court's jurisdiction.

10. Walmart was properly served and filed its Answer on June 3, 2019.

11. Claims Management, Inc. was properly served and filed its Answer on Jun 3, 2019.

12. Crawford was never personally served and never filed a responsive pleading.

13. On May 27, 2022, Plaintiff voluntarily dismissed Crawford from this lawsuit without ever having taken any action toward Crawford.

14. Because Crawford was an Oklahoma resident, removal was not possible prior to her being dismissed on May 27, 2022.

15. Pursuant to 28 U.S.C. §1446(b), Defendant has filed this Notice of Removal within the required 30 days after receipt by the Defendant "of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Specifically, the receipt of Crawford's dismissal filed on May 27, 2022.

16. This Notice is being filed more than one year after the commencement of this action. However, based upon the actions of Plaintiff, removal is appropriate at this time as "Plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. §1446(c)(1). Plaintiff's failure to actively litigate her case against Crawford is deemed to be bad faith.

17. Oklahoma District Courts have looked to the rule set forth *Aguayo v. Amco Insurance Co.*, 59 F Supp. 3d 1225 (D.N.M. 2014) to determine if bad faith exists. ("First, the court inquires whether the plaintiff actively litigated against the removal spoiler in state court: asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et. cetera. Failure to actively litigate against the removal spoiler will be deemed bad faith"). See, *Higgins v. Phila. Indem. Ins. Co.* 2016 U.S. Dist. LEXIS 148957 (N.D. 2017), *Holeman v. Coventry Health,* 2017 U.S. Dist LEXIS 190903 (WD, 2017), *Stevens v. Winthrop Hosp. Inc.,* 2020 U.S. Dist. LEXIS 46866 (E.D. 2020)."

18. Here, Plaintiff failed to actively litigate the case against Crawford. Plaintiff could have personally served Crawford but declined. Plaintiff could have taken default judgment

against Plaintiff but declined. Instead, Plaintiff voluntarily dismissed Crawford more than three years after this case was filed.

19. Claims Management, Inc. and Walmart are the only remining defendants in this action.

20. Claims Management, Inc. consents to the removal of this action.

21. Written notice of the filing of this Notice of Removal is being promptly given to Plaintiff and a Notice of Filing of Notice of Removal is promptly being filed with the clerk of the District Court of Craig County, as required by 28 U.S.C. § 1446(d).

**JURY TRIAL DEMANDED**

Respectfully submitted,

LATHAM, STEELE, LEHMAN,
KEELE, RATCLIFF, FREIJE & CARTER, P.C.

*s/Mark T. Steele*
Mark T. Steele, OBA # 14078
Cyrus N. Lawyer, OBA # 22622
1515 East 71st Street. Suite 200
Tulsa, OK 74136
(918) 970-2000 Telephone
(918) 970-2002 Facsimile
msteele@law-lsl.com
nlawyer@law-lsl.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Name(s) Only:

J. Brian Brandes
Andrew C. Jayne

*s/Mark T. Steele*